## ESTATE OF MORALES *v.* KIECKOEFER ET AL.

### APPEAL from the District Court of San Juan.

No. 650.—Decided March 21, 1911.

COSTS—ATTORNEY'S FEES.—In every action or proceeding in which costs are allowed to one party, if the subject matter exceeds $500, said party is entitled to receive from the defeated one the amount of fees due his attorney, to be allowed by the judge in his discretion, according to the degree of blame of the party adjudged to pay the same, and in case of objection thereto the court, after hearing the parties and considering their evidence, shall render its decision.

ID.—ALLEGATIONS.—Although the original complaint in the case at bar had been
filed prior to January 1, 1909, on which date the Act of March 12, 1908, refer-
ring to costs, took effect, said complaint was substituted by an amended one,
dated subsequently thereto, and such complaint is the one that must have given
rise to the action, inasmuch as it contains, in its allegations, facts which de-
termine the action exercised, whence it is to be inferred that the adjudgment
of fees occurred in an action that must be. considered as having commenced
after the act governing objections to costs took effect.

The facts are stated in the opinion.

*Mr. Cay. Coll y Cuchí* for appellant.

*Mr. Antonio Sarmiento* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Under date of August 9, 1910, Attorney Antonio Sar-
miento, representing Manuel Paniagua, filed with the secre-
tary of the District Court of San Juan, Section 2, a memoran-
dum of costs to the payment whereof, he affirms, the plain-
tiffs were adjudged by decision of said court rendered in
the above-mentioned case on the 30th of the preceding July,
which memorandum included all the items, namely, one of
$3.65 for the secretary's fees, and another of $150 for
counsel's fees; together, $153.65.

The plaintiffs objected to this memorandum of costs, alleg-
ing that the action had been commenced before 1908, the
amendments to the law relating to costs not being applicable
thereto, and that such costs were imposed only upon rash
litigants.

To the objections made Paniagua replied that although
the action had begun before 1908, the last complaint, which
annulled all the previous proceedings, was filed subsequently
to January 1, 1909, and that when the plaintiff drops from
his complaint any of the defendants the imposition of costs
is expressly prescribed by the law.

The court below rendered its decision on November 30,
1910, which reads as follows:

"It is not the opinion of the court that the Act of March 12, 1908,
upon costs and fees is applicable exclusively to actions begun after

January 1, 1909, but to actions wherein the district court shall have rendered final judgment after said date.

"The attorney's fees charged do not appear to be excessive. True, it cannot be said that the plaintiffs have been rash to a high degree, but it can be said that when proceedings are instituted against a defendant and it is adjudged that no cause of action exists, the defendant, after final judgment, is entitled to recover attorney's fees.

"The objection to the costs is overruled."

From the foregoing order an appeal to this Supreme Court was taken by counsel for the plaintiffs, who cited the Act of March 12, 1908, as having been violated, because held to be inapplicable to the case in question, begun on September 7, 1906.

Section 327 of the Code of Civil Procedure, as amended by the act approved March 12, 1908, which took effect on and after January 1, 1909, provides that in all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds $500, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney, which fees and costs shall be allowed in the discretion of the judge according to the degree of blame of the party against whom judgment is rendered; and section 339 of the same code, as amended by the aforesaid act, provides that in case of objection to the memorandum of costs the court shall fix a day for the hearing of the matter, and after hearing such evidence as may be introduced by the parties shall give its decision.

We do not know whether the parties introduced any evidence or not, for the transcript of the record is silent upon this point; wherefore, any doubt as to the date when the action really commenced should be decided in accordance with the order appealed from.

From the record, as it has reached our hands, we must assume that although the complaint was filed on September 7, 1906, as asserted by the party appellant, said complaint was substituted by an amended one dated subsequently to

January 1, 1909, as maintained by the party respondent, which subsequent complaint was the one that must have given rise to the suit, as it contained in its allegations facts sufficient to constitute the cause of action prosecuted; and upon such assumption we must accept the allowance of fees as having been made in an action which, for purposes of the appeal, had begun after the act approved March 12, 1908, had taken effect.

Such being the case, it would be idle to discuss and pass upon the point as to whether or not the aforesaid act should be applied to actions instituted before the same took effect; and for the reasons above set forth, the order rendered by the District Court of San Juan on November 30 of last year, from which this appeal has been taken, should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not sit at the hearing of this case.